# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| CHRISTOPHER BECK, § | |
| ANDREA C. DUKE-BECK, § | |
| BEAU GARRETT BECK, § | |
| ISABEAU FOALENA BECK, § | |
| AUTUMN ROSE BECK, § | |
| COLTON WADE BECK, § | |
| MARE ALICE BECK, and § | |
| CHRISTOPHER D. BECK, JR., § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. G-07-0270 |
| § | |
| PRIDE INTERNATIONAL, INC., § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Plaintiffs filed this Jones Act case alleging that Christopher Beck contracted Methicillin Resistant Staphylococcus Aureus ("MRSA") while on an oil platform rig owned by Defendant Pride International, Inc. ("Pride"), and then infected his family when he returned home from the rig.[1]  Defendant filed a Motion for Summary

---

[1] Plaintiffs in their First Amended Complaint [Doc. # 17] named Nippon Oil (U.S.A.) Limited ("Nippon") and Chevron Phillips Chemical Company, L.P. ("Chevron") as Defendants in the caption, but did not list Nippon or Chevron in the "Parties" section and did not assert any factual allegations involving these two companies. The Court has issued a separate Order requiring Plaintiffs to show cause why Nippon and Chevron should not be terminated as Defendants in this lawsuit. *See* Order [Doc. # 73].

Judgment ("Motion") [Doc. # 64], asserting that it is entitled to summary judgment because Plaintiffs have not presented evidence to establish causation. Plaintiffs filed a Response[2] [Doc. # 70], and Defendant filed a Reply [Doc. # 72]. The Court has carefully reviewed the full record in this case. Based on that review and the application of relevant legal authorities, the Court **grants** Defendant's Motion for Summary Judgment.

## I.  FACTUAL BACKGROUND

Christopher Beck was employed as a Jones Act seaman on the "*Pride Kansas*," an oil platform rig owned by Pride. He contracted MRSA (commonly known as a staph infection) and alleges that he subsequently infected his wife and several of his children.[3]

---

[2]  Plaintiffs' Response was filed subject to a request for a continuance of the Court's consideration of Defendant's Motion until after Plaintiffs have deposed their treating physicians. Defendant, in a Response [Doc. # 71] to that request, submitted the affidavit of Mr. Beck's treating physician, Dr. Amanda Phillips-Savoy. In her Affidavit, Dr. Savoy states unequivocally that she did not attempt to determine how Mr. Beck contracted MRSA, that she has not made any effort to exclude other potential sources of the infection, and that she has no medical opinion regarding whether it is likely that Mr. Beck contracted MRSA while on Defendant's oil platform rig. Dr. Savoy's Affidavit establishes that delaying consideration of Defendant's Motion in order to depose Dr. Savoy would not benefit Plaintiffs. As a result, the Court **denies** Plaintiffs' request.

[3]  Plaintiffs concede that there is no evidence that Beau Garrett Beck, Isabeau Foalena Beck, Colton Wade Beck, and Mare Alice Beck were ever diagnosed with MRSA and, therefore, they do not oppose Defendant's Motion as to these four Plaintiffs.

Plaintiffs assert causes of action for unseaworthiness of the rig, Jones Act negligence, and general maritime negligence. Pride moved for summary judgment, asserting that Plaintiffs have not presented medical or other scientific evidence of causation and, therefore, each of Plaintiffs' claims fails. The Motion has been fully briefed and is ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory

facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

### III.   ANALYSIS

A claim of unseaworthiness requires a causal connection between the alleged injury and the alleged breach of the duty that rendered the vessel unseaworthy. *See*

*Jackson v. OMI Corp.*, 245 F.3d 525, 527 (5th Cir. 2001) (citing *Caldwell v. Manhattan Tankers Corp.*, 618 F.2d 361, 363 (5th Cir. 1980)). A claim of Jones Act negligence also requires proof of a causal link between the defendant's breach of a duty owed to the plaintiff and the plaintiff's damages. *See, e.g., Uncle Ben's Int'l Div. of Uncle Ben's, Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988) (citing *City Consol. Aluminum Corp. v. C.F. Bean Corp.*, 833 F.2d 65 (5th Cir. 1987)). Causation is also an essential element of a general maritime negligence claim. *See, e.g., Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

The uncontroverted affidavit of Dr. Savoy establishes that she did not perform MRSA strain isolate typing or otherwise attempt to determine from which of various potential sources Mr. Beck contracted MRSA. *See* Affidavit of Dr. Amanda Phillips-Savoy, Exh. 1 to Reply [Doc. # 72], ¶ 2. Indeed, according to Dr. Savoy's undisputed affidavit, approximately 2.5 million people in the United States carry MRSA and many are asymptomatic for periods between a few weeks and many years. *Id.*, ¶ 3.

Where, as here, there are several possible sources of a plaintiff's infection, "[g]eneral experience and common sense simply do not enable a fair understanding of causation [and] expert testimony is required." *See Coastal Tankships, U.S.A., Inc. v. Anderson*, 87 S.W.3d 591, 603 (Tex. App. – Houston [1st Dist.] 2002, *pet. denied*),

and cases cited therein.  Plaintiffs state that others on the *Pride Kansas* contracted MRSA and that Mr. Beck did not have symptoms of MRSA before boarding the oil platform rig.  Plaintiffs have not, however, presented any medical or other scientific evidence to raise a genuine issue of material fact regarding the causation element of their claims.  Indeed, Mr. Beck's own treating physician states unequivocally that she cannot express any medical opinion regarding whether Mr. Beck contracted MRSA on the *Pride Kansas* or elsewhere.  Absent a genuine issue of material fact on the causation element, Defendant is entitled to summary judgment.

## IV.     CONCLUSION AND ORDER

Plaintiffs have failed to present medical or scientific evidence that raises a genuine issue of material fact on the causation element of their claims.  As a result, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 64] is **GRANTED**.

SIGNED at Houston, Texas this 21st day of **October, 2008.**

_____
Nancy F. Atlas
United States District Judge