## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BECK, | § | |
| ANDREA C. DUKE-BECK, | § | |
| BEAU GARRETT BECK, | § | |
| ISABEAU FOALENA BECK, | § | |
| AUTUMN ROSE BECK, | § | |
| COLTON WADE BECK, | § | |
| MARE ALICE BECK, and | § | CIVIL ACTION NO. G-07-0270 |
| CHRISTOPHER D. BECK, JR., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| PRIDE INTERNATIONAL, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This Jones Act case is before the Court on Plaintiffs' "Motion for New Trial"

[Doc. # 75], to which Defendant Pride International, Inc.[1] ("Pride") filed a Response

[Doc. # 77].  Plaintiffs neither filed a Reply nor requested additional time to do so.

Based on the Court's review of the record in this case and the application of

governing legal authorities, the Court **denies** Plaintiffs' Motion for New Trial.

---

[1]      Defendants Nippon Oil (U.S.A.) Limited ("Nippon") and Chevron Phillips Chemical
        Company, L.P. ("Chevron") have been terminated as Defendants in this case.

## I.   <u>BACKGROUND</u>

Christopher Beck was employed as a Jones Act seaman on the "*Pride Kansas*," an oil platform rig owned by Pride.  He contracted MRSA (commonly known as a staph infection) and alleges that he subsequently infected his wife and several of his children.

Plaintiffs asserted causes of action for unseaworthiness of the rig, Jones Act negligence, and general maritime negligence.  Pride moved for summary judgment, asserting that Plaintiffs have not presented medical or other scientific evidence of causation and, therefore, each of Plaintiffs' claims fails.  Plaintiffs filed a response to the Motion for Summary Judgment, subject to a request for additional time "to depose the relevant treating physicians" on the causation issue.  Pride filed a response to Plaintiffs' request for additional time and attached the affidavit of Dr. Amanda Phillips-Savoy, Plaintiff Christopher Beck's treating physician.[2]   Mr. Beck's physician stated unequivocally that she has "no opinion or knowledge regarding whether it is within reasonable medical probability that Mr. Beck contracted MRSA from one source rather than another."  She also stated that it was her medical opinion that she could not determine whether it was more likely than not that the source of

---

[2]   Christopher Beck alleges that he contracted MRSA and subsequently infected other members of his family.  Consequently, on the issue of causation, only his physician could potentially be a "relevant treating physician."

Mr. Beck's MRSA infection was the *Pride Kansas*.  Dr. Savoy did not perform MRSA strain isolate typing or otherwise attempt to determine from which of various potential sources Mr. Beck contracted MRSA.  Indeed, according to Dr. Savoy's undisputed affidavit, approximately 2.5 million people in the United States carry MRSA and many are asymptomatic for periods between a few weeks and many years.

Based on Dr. Savoy's undisputed affidavit and Plaintiffs' failure to produce medical or other scientific evidence on the issue of causation, the Court granted Defendant's Motion for Summary Judgment.  Plaintiffs then moved for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure, asserting that they had not been given an opportunity to obtain the necessary scientific evidence on the causation issue.  The Motion has been fully briefed and is ripe for decision.

## II.    **APPLICABLE LEGAL STANDARD**

"A [Rule 59] motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence."  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted).  This type of motion "calls into question the correctness of a judgment."  *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).  Rule 59(e) motions "cannot be used to raise arguments

which could, and should, have been made before the judgment issued [and] cannot be used to argue a case under a new legal theory." *Id.* "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.), *cert. denied*, 543 U.S. 976, 125 S. Ct. 411 (2004). Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## III.   ANALYSIS

As discussed in the October 21, 2008 Memorandum and Order, each of Plaintiffs' claims includes a causation element.  Where, as here, there are several possible sources of a plaintiff's infection, "[g]eneral experience and common sense simply do not enable a fair understanding of causation [and] expert testimony is required." *See Coastal Tankships, U.S.A., Inc. v. Anderson*, 87 S.W.3d 591, 603 (Tex. App. – Houston [1st Dist.] 2002, *pet. denied*), and cases cited therein.

This case was filed on May 14, 2007, well more than one year before Pride filed its Motion for Summary Judgment on September 11, 2008. Plaintiffs designated Dr. Debra Spicehandler as their expert on medical causation, then withdrew the designation.  It was not until October 10, 2008, more than four months after the June 6, 2008, deadline for Plaintiffs to designate experts and provide expert reports, that Plaintiffs attempted – without seeking or obtaining leave of Court – to designate Dr. Savoy as an expert on causation.

As of October 10, 2008, when Plaintiffs filed their response to the motion for summary judgment and attempted to designate Dr. Savoy as an expert on causation, Plaintiffs' counsel apparently had not discussed the causation issues with Dr. Savoy. It seems to be Plaintiffs' counsel's untenable position that, by not discussing the issue with his purported expert, he can avoid summary judgment by stating what he hopes his witness might say.  In any event, the Court considered Plaintiffs' request for additional time to depose Dr. Savoy and determined that the request was not justified.[3]  Dr. Savoy had not been timely designated as an expert on causation,

---

[3]        A party seeking to delay consideration of a motion for summary judgment in order to conduct additional discovery "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1442 (5th Cir. 1993) (internal citations omitted).  If the party has not diligently pursued discovery, he is not entitled to the requested delay.  *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 28 F.3d 1388, 1397 (5th Cir. 1994).  Moreover, where the requested discovery is not likely to

treating physicians often are not qualified to provide expert opinions on causation,[4] and Dr. Savoy had stated clearly under oath and without dispute that she could not provide an expert opinion on causation in this case.  Deposing Dr. Savoy would have been an unjustified waste of time and expense because she would not be allowed to testify as an expert in this case.  *See, e.g., Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883-84 (5th Cir. 2004).

Plaintiffs in their motion stated that "it is unlikely that Dr. Savoy had all the evidence before her" and that she may ultimately be able to reach an expert opinion on causation.  There is no indication that, as of October 31, 2008, the date they filed their Motion for New Trial, Plaintiffs through their counsel had talked to Dr. Savoy to provide her with the evidence they believe she did not have when she submitted her affidavit.  Dr. Savoy's affidavit is clear and definite – she did not perform MRSA strain isolate typing or otherwise attempt to determine from which of various potential sources Mr. Beck contracted MRSA and, as a result, she stated that she has

---

result in admissible evidence relevant to the summary judgment motion, the district court has discretion to proceed to rule on the motion without delay.  *See, e.g., Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 881 (5th Cir. 2004).

[4]  *See, e.g., Kemp v. Metabolife Intern., Inc.*, 2004 WL 2095618 (E.D. La. Sept. 13, 2004); *Hernandez v. Home Depot U.S.A., Inc.*, 2002 Wl 34365240 (W.D. Tex. Sept. 20, 2002).

"no opinion or knowledge regarding whether it is within reasonable medical probability that Mr. Beck contracted MRSA from one source rather than another."[5]

Plaintiffs also stated in their motion that "Dr. Savoy is not the only treating physician that can testify as to Christopher Beck's initial MRSA infection and it's [*sic*] causation." Plaintiffs did not, however, identify any other treating physicians. Moreover, Plaintiffs did not – and still do not – have an expert on causation who was timely and properly designated. The deadline for designation of experts expired without a request for an extension of that deadline, and it is now far too late to obtain such an extension.

## IV.   CONCLUSION AND ORDER

Plaintiffs had not at the time of the summary judgment ruling and have not as of this date presented, by proffer or otherwise, medical or scientific evidence that raises a genuine issue of material fact on the causation element of their claims. As a result, it is hereby

**ORDERED** that Plaintiffs' Motion for New Trial [Doc. # 75] is **DENIED**.

SIGNED at Houston, Texas this 21st day of **November, 2008.**

Nancy F. Atlas
United States District Judge

---

[5]   Even were Dr. Savoy ultimately to agree with Plaintiffs' position, she was not timely designated as an expert on causation and she has not provided an expert report on causation. As a result, her opinion on that issue would not be admissible.